IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TARRANCE P. DUNN, | § | |
| | § | No. 644, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1309021876 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 19, 2015
Decided: August 25, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 25th day of August 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On April 16, 2014, after a two day bench trial, the Superior Court found the appellant, Tarrance P. Dunn, guilty of Robbery in the First Degree and Theft Under $1,500 as a lesser included offense of Robbery in the First Degree. Dunn was sentenced to five years of Level V incarceration, suspended after three years for two years of Level III probation, for Robbery in the First Degree and thirty days of Level V incarceration for Theft Under $1,500. This is Dunn's direct appeal.

(2) On appeal, Dunn's appellate counsel ("Counsel") filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)").[1] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Counsel informed Dunn of the provisions of Rule 26(c) and provided Dunn with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Dunn of his right to identify any points he wished this Court to consider on appeal. Dunn has raised several issues for this Court's consideration. The State has responded to the issues raised by Dunn and moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4) The following evidence was presented at trial. Yi Heng Chen testified through an interpreter that he took a bus from near Rodney Square

---

[1] Dunn was represented by different counsel at trial.
[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

in Wilmington to his uncle's restaurant in Newark on September 25, 2013. While on the bus, Chen listened to music through headphones attached to his iPhone. The iPhone was in the front pocket of a backpack Chen was holding on his lap. During the bus ride, Chen dozed off and then awoke to somebody pressing something into his side. The person next to Chen took Chen's iPhone, despite Chen's efforts to push the person's hand away from the iPhone. Chen testified that he asked the person what they were doing, but nobody paid any attention to Chen. The person who took the iPhone then got off the bus.

(5) Chen testified that he did not tell anybody on the bus what had happened because he was nervous, he did not know what to do, and he did not speak English well. After Chen got off the bus in Newark, he told his uncle what had happened and his uncle contacted the police. Chen did not remember what the person who took his iPhone looked like, but he described the person's clothing, which included a dark vest and dark sweatpants, to the police.

(6) Detective Mark Hawk of the Delaware State Police testified that he investigated the bus incident. After obtaining the bus surveillance video, Detective Hawk reviewed the video footage with Chen. Chen identified the person on the bus who took his iPhone. The person was

3

wearing a Penn State cap. Detective Hawk circulated flyers about the bus incident and received information identifying the person on the bus as Tarrance Dunn. Detective Hawk showed a photo array to Chen that included Dunn's picture, but Chen could not identify the person who took his iPhone.

(7) When Detective Hawk learned Dunn's name, he discovered that Dunn was arrested for another robbery involving an iPhone on September 29, 2013. According to Detective Hawk, the clothes Dunn was wearing on September 29, 2013 when he was arrested were similar to the clothes he wore on September 25, 2013—a grey vest, black sweatpants, and a Penn State cap. After interviewing Dunn on November 15, 2013, Detective Hawk obtained a search warrant for Dunn's residence. Dunn did not obtain any evidence as a result of the search.

(8) Austin Shannon testified that, on September 29, 2013 around 4:00 p.m. or 5:00 p.m., he was walking from the Speedy Mart Convenience store on Maryland Avenue and Broom Street to his nearby home. As he was walking, Shannon was listening to music on his iPhone and texting his girlfriend. A person punched Shannon in the right side of his face and Shannon dropped the iPhone. The person who punched Shannon then grabbed the iPhone and ran down Maryland Avenue.

4

(9)     According to Shannon, the person who took his iPhone was African-American and wearing a grey vest, capris, and a fitted hat.  Shannon returned home and he or his mother called the police.  Corporal David Chorlton of the Delaware State Police responded to the call and interviewed Shannon.  Corporal Chorlton testified that Shannon had a fresh contusion under his right eye when they spoke.  According to Corporal Chorlton, Shannon described the person who took his iPhone as a black male wearing a blue or green baseball hat, black pants, a grey vest with no hood or sleeves, and blue sneakers.  Shannon testified that he was partially color-blind and he did not recall telling Corporal Chorlton that the suspect wore a blue hat.

(10)   While Corporal Chorlton was filling out a report outside Shannon's home, Shannon ran up to him and yelled that the person who took his iPhone was walking down Maryland Avenue.  Corporal Chorlton followed the person in his truck and took him into custody in the Canby Shopping Center.  Corporal Chorlton identified the person he arrested as Dunn.  Corporal Chorlton took Dunn to Shannon's house and Shannon identified Dunn as the person who punched him and took his iPhone.  Dunn initially told Corporal Chorlton that he had never seen Shannon before, but then said he was in a fight with Shannon earlier in the day.

5

(11) Dunn testified in his own defense. As to the incident on September 25, 2013, Dunn testified that he saw an iPhone on a bus seat and assumed that somebody had left it there. Dunn took the iPhone and then got off the bus. Dunn denied taking the iPhone from Chen or touching Chen.

(12) As to the incident on September 29, 2013, Dunn testified that he saw Shannon with a group of people getting high on Maryland Avenue around 1:00 p.m. on September 29, 2013. According to Dunn, someone in the group threw a rock and almost hit one of two women with Dunn. Dunn and his companions then exchanged angry words with the other group. Dunn denied punching Shannon or taking his iPhone. Other evidence presented at trial included video footage of Dunn and Chen on the bus and a photograph of a mark under Shannon's right eye.

(13) Before closing arguments, the Superior Court judge held that a jury instruction for Robbery in the First Degree would not be appropriate for the incident on the bus because there was insufficient evidence to support that charge, but that jury instructions for Robbery in the Second Degree and Theft Under $1,500 would be appropriate for that incident as lesser included offenses of Robbery in the First Degree. After closing arguments, the Superior Court found Dunn not guilty of Robbery in the Second Degree and

guilty of Theft Under $1,500 for the incident on the bus and guilty of Robbery in the First Degree for the incident on Maryland Avenue.

(14) On September 15, 2014, Dunn filed a *pro se* Motion for Judgment of Acquittal. Dunn argued that there was insufficient evidence supporting his Robbery in the First Degree conviction. On September 24, 2014, the Superior Court denied Dunn's motion as untimely under Superior Court Criminal Rule 29(c)[3] and without merit.

(15) On appeal, Dunn highlights the following points: (i) Shannon testified that he was taking a prescribed opiate at the time of the robbery; (ii) Shannon had a juvenile conviction for unlawful use of credit cards, but was not cross-examined about this juvenile adjudication;[4] (iii) the police were looking for a man in blue jeans, a grey vest, a green and white shirt, and a fitted cap, not a man in black sweatpants, a black polo shirt, a grey vest, and a green and blue hat; (iv) it was unclear whether Shannon or his mother contacted the police; (iv) Corporal Chorlton testified that the robbery occurred at 5 p.m., but Shannon testified that the robbery occurred around 4 p.m. or 5 p.m.; (v) Corporal Chorlton testified that Shannon told him the suspect was wearing a grey vest with no hood or sleeves, black pants, a blue

---

[3] Under this rule, a motion for judgment of acquittal must be presented at the close of the State's evidence or within seven days after the fact finder is discharged.

[4] The Superior Court held that Shannon's juvenile adjudication for unlawful use of credit cards was admissible, but Dunn's counsel did not ask Shannon about the juvenile adjudication.

or green baseball hat, and blue sneakers, but Shannon testified that the suspect was wearing a grey vest, capris, and a fitted hat, he did not recall telling Corporal Chorlton that the suspect wore a blue hat, and he was partially color-blind; (vi) Shannon testified that Dunn was Native American, before testifying that Dunn was African-American; and (vii) Shannon testified that he called Sprint to turn off the iPhone service after the robbery, but only his mother could have done that because Shannon also testified that the Sprint contract was in his mother's name. We interpret these points as a challenge to the sufficiency of the evidence supporting Dunn's conviction for Robbery in the First Degree.

(16) In reviewing a claim for insufficiency of evidence, the Court must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the charged crime.[5] To convict Dunn of Robbery in the First Degree, the State was required to prove that, in the course of committing theft, Dunn used force with the intent to compel Shannon to deliver up the iPhone and caused physical injury to Shannon during commission of the robbery.[6]

---

[5] *Williamson v. State*, 113 A.3d 155, 158 (Del. 2015).
[6] 11 *Del. C.* §§ 831, 832.

8

(17) Viewing the evidence in the light most favorable to the State, a rational trier of fact could find Dunn guilty of Robbery in the First Degree beyond a reasonable doubt. Shannon testified that Dunn punched him in the side of his face and took his iPhone. Corporal Chorlton observed a fresh contusion under Dunn's right eye. Shannon described his attacker as wearing a grey vest and hat, told Corporal Charlton that a person who was wearing a grey vest and hat and walking along Maryland Avenue was the person who robbed him, and identified Dunn as the person who robbed him after Corporal Chorlton brought Dunn to his house. The points raised by Dunn relate to the credibility of the witnesses. As the trier of fact, the Superior Court was solely responsible for determining witness credibility and resolving any conflicts in the testimony.[7] It was therefore within the purview of the Superior Court to credit Shannon's testimony, notwithstanding any minor inconsistencies, and find Dunn guilty of Robbery in the First Degree.

(18) This Court has reviewed the record carefully and has concluded that Dunn's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Dunn's counsel has made a

---

[7] *Harris v. State*, 2009 WL 189162, at *2 (Del. Jan. 20, 2009); *Malin v. State*, 2008 WL 4358718, at *2 (Del. Sept. 24, 2008).

conscientious effort to examine the record and the law and has properly determined that Dunn could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/ Karen L. Valihura
Justice

10